UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

VICTORIA TOMLINSON,
    Plaintiff,

v.                                  Case No.
                                      Hon.
                                      **DEMAND FOR JURY TRIAL**

EASTERN RECOVERY & REMEDIATION GROUP, LLC,
PREMIUM RESOLUTION SERVICES, LLC,
JOHN DOE 1-2 and
JANE DOE,
    Defendants.

## COMPLAINT & JURY DEMAND

*Victoria Tomlinson states the following claims for relief:*

### Jurisdiction

1. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts which give rise to the federal-law claims.

### Parties

3. The Plaintiff to this lawsuit is Victoria Tomlinson, who resides in Wayne County, Michigan.

4. The Defendants to this lawsuit are as follows:

   a.   Eastern Recovery & Remediation Group, LLC ("ERRG"), which is a foreign limited liability company doing business in Michigan;

   b.   Premium Resolution Services, LLC ("PRS"), which is a foreign limited liability company doing business in Michigan;

   c.   John Doe 1 ("Mr. Richards"), who identified himself to Ms. Tomlinson as "Sean Richards" and who, upon information and belief, is an owner, operator and/or manager of ERRG;

   d.   Jane Doe ("Ms. Peach"), who identified herself to Ms. Tomlinson as "Diane Peach" and who, upon information and belief, is an employee and/or agent of ERRG; and

   e.   John Doe 2 ("Mr. Casey"), who identified himself to Ms. Tomlinson as "Lamont Casey" and who, upon information and belief, is an employee and/or agent of PRS.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations as to ERRG

7. On or about July 15, 2015, ERRG communicated with Ms. Tomlinson for the

first time to collect an alleged debt.

8. That communication occurred by a telephone call from Mr. Richards to Ms. Tomlinson ("the telephone call").

9. During the telephone call, Mr. Richards identified himself to Ms. Tomlinson as "Sean Richards."

10. Upon information and belief, Mr. Richards used "Sean Richards" as a fictitious name.

11. During the telephone call, Mr. Richards stated that he was a debt collector, that Ms. Tomlinson owed $525.00 from a loan that she obtained over the internet and that ERRG would settle the debt with Ms. Tomlinson for $300.00.

12. During the telephone call, Ms. Tomlinson told Mr. Richards that she never sought or obtained a loan over the internet, that the alleged account and debt did not belong to her and that she would not pay ERRG for the account and debt that did not belong to her.

13. During the telephone call, Mr. Richards then threatened that ERRG would bring charges against Ms. Tomlinson for "bank fraud" and/or "check fraud" for taking out a loan and not paying it back.

14. During the telephone call, Mr. Richards further threatened that Ms. Tomlinson would go to prison for committing "bank fraud" and/or "check fraud."

15. During the telephone call, Mr. Richards also threatened a lawsuit against Ms. Tomlinson.

16. On July 16, 2015, Ms. Peach, on behalf of ERRG, sent an email to Ms. Tomlinson ("the email").

17. In the email, Ms. Peach identified herself as "Diane Peach."

18. Upon information and belief, Ms. Peach used "Diane Peach" as a fictitious name.

19. The email contained the names of alleged original and current creditors, an alleged account number and alleged balances in two different amounts.

20. In one section, the email states the "Balance Due" as $300.00; in another section, the email states that "we have been authorized to offer you a settlement to close out your balance of $525.00."

21. The email also states that Ms. Tomlinson should call "Sean Richards" if she has any questions.

22. The account and the debt referenced in the email do not belong and never have belonged to Ms. Tomlinson.

23. Ms. Tomlinson never received any written statement from ERRG, Mr. Richards or Ms. Peach containing each of the following:

   a. the amount of the alleged debt;

    b.    the name of the creditor to whom the alleged debt is owed;

    c.    a statement that, unless Ms. Tomlinson disputed the debt within thirty days of receiving the written statement, ERRG would assume the debt to be valid;

    d.    a statement that, if Ms. Tomlinson disputed the debt in writing within thirty days of receiving the written statement, that ERRG would obtain verification of the debt and mail the verification to Ms. Tomlinson; and

    e.    a statement that, upon Ms. Tomlinson's written request within thirty days of receiving the written statement, ERRG would provide the name of the original creditor, if different than the current creditor.

### General Allegations as to PRS

24. On or about September 11, 2015, PRS communicated with Ms. Tomlinson for the first time to collect an alleged debt.

25. That communication came by a telephone call from Mr. Casey to Ms. Tomlinson that resulted in a voice mail message by Mr. Casey ("the voice mail message").

26. During the voice mail message, Mr. Casey identified himself to Ms. Tomlinson as "Lamont Casey."

27. Upon information and belief, Mr. Casey used "Lamont Casey" as a fictitious

name.

28. During the voice mail message, Mr. Casey stated that PRS is "now serving final legal notification" upon Ms. Tomlinson regarding the alleged debt.

29. During the voice mail message, Mr. Casey further stated that "failure to respond will result in [Ms. Tomlinson] forfeiting her voluntary rights directed by legal documents" to be served upon Ms. Tomlinson by PRS.

30. The account and the debt referenced by Mr. Casey do not belong and never have belonged to Ms. Tomlinson.

31. Ms. Tomlinson never received any written statement from PRS or Mr. Casey containing each of the following:

   a.   the amount of the alleged debt;

   b.   the name of the creditor to whom the alleged debt is owed;

   c.   a statement that, unless Ms. Tomlinson disputed the debt within thirty days of receiving the written statement, PRS would assume the debt to be valid;

   d.   a statement that, if Ms. Tomlinson disputed the debt in writing within thirty days of receiving the written statement, that PRS would obtain verification of the debt and mail the verification to Ms. Tomlinson; and

   e.   a statement that, upon Ms. Tomlinson's written request within thirty

days of receiving the written statement, PRS would provide the name of the original creditor, if different than the current creditor.

### COUNT I – FDCPA, 15 U.S.C. § 1692 *et seq.*

32. Ms. Tomlinson incorporates the preceding allegations by reference.

33. Ms. Tomlinson is a consumer as defined by 15 U.S.C. § 1692a(3).

34. At all relevant times, ERRG – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

35. At all relevant times, PRS – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

36. ERRG, PRS, Mr. Richards, Ms. Peach and Mr. Casey are "debt collectors" under the FDCPA, 15 U.S.C. §1692a(6).

37. At all relevant times, ERRG, PRS, Mr. Richards, Ms. Peach and Mr. Casey sought to collect a "consumer" debt from Ms. Tomlinson.

38. ERRG's, PRS's, Mr. Richards', Ms. Peach's and Mr. Casey's actions to collect the alleged debt from Ms. Tomlinson violated the provisions of the FDCPA including, but not limited to, the following: 15 U.S.C. §§ 1692e and 1692g.

39. Ms. Tomlinson suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act

40. Ms. Tomlinson incorporates the preceding allegations by reference.

41. ERRG, PRS, Mr. Richards, Ms. Peach and Mr. Casey are "collection agencies" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

42. Ms. Tomlinson is a debtor as that term is defined in M.C.L. § 339.901(f).

43. ERRG's, PRS's, Mr. Richards', Ms. Peach's and Mr. Casey's actions to collect from Ms. Tomlinson violated the MOC including, but not limited to, the following: M.C.L. §§ 339.915 and 339.918.

44. Ms. Tomlinson suffered damages as a result of these violations of the MOC.

45. These violations of the MOC were willful.

## COUNT III – Michigan Collection Practices Act, as alternative to claims under the Michigan Occupational Code

46. Ms. Tomlinson incorporates the preceding allegations by reference.

47. ERRG, PRS, Mr. Richards, Ms. Peach and Mr. Casey are "regulated persons" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

48. Ms. Tomlinson is a debtor as that term is defined in M.C.L. § 445.251(d).

49. ERRG's, PRS's, Mr. Richards', Ms. Peach's and Mr. Casey's actions to collect

from Ms. Tomlinson violated the MCPA including, but not limited to, the following: M.C.L. § 445.252.

50. Ms. Tomlinson suffered damages as a result of these violations of the MCPA.

51. These violations of the MCPA were willful.

## Demand for Jury Trial

52. Ms. Tomlinson demands trial by jury in this action.

## Demand for Judgment for Relief

53. *Accordingly, Ms. Tomlinson requests that the Court grant:*

   a. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   b. *Statutory damages.*

   c. *Treble damages.*

   d. *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Victoria Tomlinson
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Carl@MichiganConsumerLaw.Com

Dated: October 14, 2015