UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA TOMLINSON,

        Plaintiff,        CASE NO. 15-13606
                                      HON. DENISE PAGE HOOD

v.

EASTERN RECOVERY & REMEDIATION GROUP, LLC, et al.,

        Defendants.
_____/

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#78], GRANTING DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT [#87; #88; #89], AND DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING [#98]</u>**

**I. BACKGROUND**

On October 14, 2015, Plaintiff Victoria Tomlinson filed a Complaint against Defendants Eastern Recovery & Remediation Group, LLC ("Eastern Recovery & Remediation Group") and Diane Peach ("Peach") alleging that these defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. §§ 339.915 and 339.918 (or in the alternative, the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.252 ). (Doc # 1) On June 28, 2017, Plaintiff amended her original Complaint to add the Law Office of Daria L. Pratcher, P.C. ("Law Office of Daria L. Pratcher"),

1

Daria Pratcher ("Pratcher"), and Genique Meredith ("Meredith") as Defendants, and additionally alleged that all Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc # 26) There were several other parties named as defendants in the original Complaint and in the Amended Complaint, but these parties have been dismissed from this case.

On July 5, 2018, Plaintiff filed a Motion for Default Judgment against the five remaining defendants: Eastern Recovery & Remediation Group, the Law Office of Daria L. Pratcher, Pratcher, Peach, and Meredith (collectively, "Defendants"). (Doc # 78) On August 23, 2018, the Law Office of Daria L. Pratcher, Pratcher, and Meredith filed Responses to Plaintiff's Motion. (Docs # 84, 85, 86) To date, neither Eastern Recovery & Remediation Group nor Peach has filed an answer to Plaintiff's Complaint or a response to Plaintiff's Motion for Default Judgment.

On June 20, 2016, Plaintiff filed a Motion to Extend the Time for Service, to Open Discovery, and for Alternate Service of Eastern Recovery & Remediation Group (Doc # 8), which the Court granted on July 12, 2016 (Doc # 10). Plaintiff provided proof of service for Eastern Recovery & Remediation Group in accordance with the Court's Order on February 27, 2017. (Doc # 21) On August 2, 2017, having received no responsive pleading, Plaintiff requested a Clerk's Entry of Default against Eastern Recovery & Remediation Group. (Doc # 33) On August 2, 2017,

the Clerk entered Default against Eastern Recovery & Remediation Group pursuant to Fed. R. Civ. P. 55(a).  (Doc # 34)

On August 2, 2017, Plaintiff provided the Court with proof of service for Peach.  (Doc # 32)  On August 10, 2017, Plaintiff provided the Court with proof of service for Meredith.  (Doc # 37)  On September 1, 2017, having received no responsive pleading from either Peach or Meredith, Plaintiff requested a Clerk's Entry of Default against both parties.  (Doc # 45)  On September 5, 2017, the Clerk entered Default against Peach and Meredith pursuant to Fed. R. Civ. P. 55(a).  (Docs # 46, 47)  On September 6, 2018, Meredith filed a Motion to Set Aside Default.  (Doc # 89)  Plaintiff filed her Response on September 13, 2018.  (Doc # 91)  Meredith filed her Reply on September 18, 2018.  (Doc # 94)

On September 1, 2017, Plaintiff provided the Court with proof of service for the Law Office of Daria L. Pratcher and Pratcher.  (Docs # 43, 44)  On September 8, 2017, having not received a responsive pleading from either the Law Office of Daria L. Pratcher or Pratcher, Plaintiff requested a Clerk's Entry of Default against both parties.  (Doc # 50)  On September 8, 2017, the Clerk entered Default against the Law Office of Daria L. Pratcher and Pratcher pursuant to Fed. R. Civ. P. 55(a).  (Docs # 51, 52)  On September 6, 2018, the Law Office of Daria L. Pratcher and Pratcher each filed a Motion to Set Aside Default.  (Docs # 87, 88)  Plaintiff filed

her Response on September 13, 2018. (Docs # 92, 93) The Law Office of Daria L. Pratcher and Pratcher each filed a Reply on September 18, 2018. (Docs # 95, 96)

Plaintiff alleges that beginning on or about July 15, 2015, Defendants first called her cellular phone to collect an alleged debt that was obtained over the internet. (Doc # 26, Pg ID 182, ¶¶ 17-18) Plaintiff asserts that she told Defendants that she never sought or obtained a loan over the internet and expressed that the alleged account and debt did not belong to her. (Doc # 26, Pg ID 182, ¶ 21) Plaintiff claims that Defendants contacted her by using an automatic telephone dialing system even though she never consented to any calls made by Defendants for purposes of collecting the alleged debt. (Doc # 26, Pg ID 203, ¶¶ 127-130) Plaintiff alleges that Defendants also called her cellular phone on July 17, 2015 and July 20, 2015, and left her voice mail messages. (Doc # 26, Pg ID 184, ¶ 29) On July 16, 2015, Defendants emailed Plaintiff the names of the alleged original lender and creditor, account number, original balance, and settlement balance of the alleged consumer debt. (Doc # 26, Pg ID 183-184, ¶¶ 25-28)

Based on the aforementioned facts, Plaintiff alleges Defendants violated the FDCPA, TCPA, and MOC. In total, Plaintiff requests $104,000 in damages from this Court. (Doc # 78, Pg ID 855) Specifically, Plaintiff requests that this Court enter judgment in her favor and against Defendants, jointly and severally, in the amount of $3,000 for willful violations of the TCPA, $1,000 for statutory damages

4

under the FDCPA, $25,000 for actual damages under the FDCPA, and $75,000 in treble actual damages under the MOC. *Id.* Plaintiff has also indicated to the Court that pursuant to Fed. R. Civ. P. 54, she will file a motion for attorney's fees and costs within fourteen days of entry of this Court's Default Judgment Order. *Id.*

## II. ANALYSIS

### A. Motions to Set Aside Default

Before the Court can consider Plaintiff's Motion for Default Judgment, the Court must consider the Motions to Set Aside Default that were filed by the Law Office of Daria L. Pratcher, Pratcher, and Meredith. The Court considers these motions together because they essentially contain the same arguments. Plaintiff's Responses to the Motions are similar as well.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Court considers the present Motions under the "good cause" standard of Rule 55(c) instead of the more demanding "good cause" standard under Rule 60(b) because damages have not been determined nor has a judgment been entered. *See Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 566 (E.D. Mich. 2017) ("The more stringent Rule 60(b) standard does not apply unless the court has determined damages and a judgment has been entered.") (citation and quotation omitted). Three factors must be determined to set aside a

5

default under Rule 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Generally, Sixth Circuit decisions on Rule 55(c) motions to set aside default are "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010). "It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when . . . the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

Regarding the first factor, Plaintiff argues that she will be prejudiced if the matter is reopened because it would result in a loss of evidence. (Doc # 91, Pg ID 1320-21, Doc # 92, Pg ID 1558-60, Doc # 93, Pg ID 1588-90) Plaintiff claims that her cellular phone records were lost, and if the Law Office of Daria L. Pratcher, Pratcher, and Meredith had answered Plaintiff's Complaint in a timely fashion, those records would still be available. *Id.* The Law Office of Daria L. Pratcher, Pratcher, and Meredith respond to that argument by claiming that the alleged loss did not occur as a result of their actions. (Doc # 94, Pg ID 1599, Doc # 95, Pg ID

6

1606, Doc # 96, Pg ID 1613) Plaintiff also contends that she would be prejudiced if this Court reopened this matter because it would give the Law Office of Daria L. Pratcher, Pratcher, and Meredith additional time and opportunities to commit fraud and collusion. (Doc # 91, Pg ID 1322-25, Doc # 92, Pg ID 1560-63, Doc # 93, Pg ID 1590-93)

The Court finds that there are no facts that demonstrate that Plaintiff will be prejudiced from setting aside the defaults. Plaintiff's claim that a favorable ruling on the Law Office of Daria L. Pratcher, Pratcher, and Meredith's Motions would result in the loss of evidence is inaccurate. As indicated by Plaintiff, courts have held that a party opposing a motion to set aside default due to prejudice must establish that vacating the default will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion. *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). However, here, the evidence has allegedly already been lost. Further, Plaintiff has not explained how setting aside the defaults would provide the Law Office of Daria L. Pratcher, Pratcher, or Meredith with greater opportunities for fraud and collusion. While setting aside the defaults may possibly delay a favorable judgment for Plaintiff, delay alone is insufficient to show prejudice. *United Coin Meter*, 705 F.2d at 845.

Regarding the second factor, the Law Office of Daria L. Pratcher, Pratcher, and Meredith have raised many meritorious defenses in response to Plaintiff's claims. For instance, the three defendants argue that Plaintiff's FDCPA claim is barred due to the relevant statute of limitations. (Doc # 84, Pg ID 1155-56, Doc # 85, Pg ID 1182-83, Doc # 86, Pg ID 1209) These defendants have additionally alleged that they are not personally responsible for communicating with Plaintiff in any way that would violate the TCPA, MOC, or MCPA. (Doc # 84, Pg ID 1156-58, Doc # 85, Pg ID 1183-85, Doc # 86, Pg ID 1210-12) Plaintiff only responds to the Law Office of Daria L. Pratcher, Pratcher, and Meredith's statute of limitations defense, and concedes that if proven, it would operate as a sufficient defense to Plaintiff's FDCPA claim.

Regarding the third factor, the Law Office of Daria L. Pratcher, Pratcher, and Meredith argue that they were not culpable for any conduct that would have led to the default. All three defendants claim that when they received Plaintiff's Complaint, they were under the impression that service of process was insufficient, and therefore, they were not required to respond. (Doc # 84, Pg ID 1149, Doc # 85, Pg ID 1176, Doc # 86, Pg ID 1203) The Law Office of Daria L. Pratcher, Pratcher, and Meredith further claim that they were not made aware of any action regarding this case until Plaintiff's Motion for Default Judgment was filed. *Id.* The Court notes that these defendants had notice of the action, but failed to file a limited

appearance challenging the alleged insufficient service. Although Plaintiff argues that the Law Office of Daria L. Pratcher, Pratcher, and Meredith willfully failed to appear, these defendants claim that this was not the case. Considering that this Court is required to be "extremely forgiving to the defaulted party," this factor slightly weighs in favor of these three defendants since there is no showing of a blatant disregard of the relevant procedures.

After considering the Sixth Circuit's three-factor analysis, the Law Office of Daria L. Pratcher, Pratcher, and Meredith's Motions to Set Aside Default must be granted since each prong weighs in their favor. Therefore, an additional analysis of Plaintiff's Motion for Default Judgment against the Law Office of Daria L. Pratcher, Pratcher, and Meredith is unnecessary, and the subsequent default judgment analysis will only pertain to Defendants Eastern Recovery & Remediation Group and Peach.

**B. Motion for Partial Evidentiary Hearing**

Plaintiff has asked the Court to conduct an evidentiary hearing regarding the Law Office of Daria L. Pratcher, Pratcher, and Meredith's Motions to Set Aside Default in order to resolve disputed questions of fact. The Court does not believe that it is necessary to hold such a hearing and finds that there is sufficient evidence to grant the Law Office of Daria L. Pratcher, Pratcher, and Meredith's Motions to Set Aside Default. Plaintiff's Motion (Doc # 98) is denied.

## C. Default Judgment

An Entry of Default under Rule 55 of the Rules of Civil Procedure is the first procedural step necessary to obtain a default judgment. *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party must then apply to the Court for entry of the default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment may be entered by the Clerk when the plaintiff's claim is for a sum certain or a sum which can be made certain, and the defendant is not an infant or an incompetent person. Fed. R. Civ. P. 55(b)(1). The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Default judgment is generally disfavored because there is a "strong preference for trials on the merits." *Shepard Claims Serv.*, 796 F.2d at 193. According to the Sixth Circuit, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845. "When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts;

6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 Fed. App'x. 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d. 1470, 1472 (9th Cir. 1986)).

In regard to the first factor, Plaintiff would suffer prejudice if the Court were to deny her motion. The longer that this case is forced to continue without granting Plaintiff any sort of relief only causes her to endure further prejudice by not being able to obtain the relief she seeks. The first factor weighs in favor of entering a default judgment.

The second and third factors also weigh in favor of entering a default judgment. Plaintiff has alleged in her Complaint that Eastern Recovery & Remediation Group and Peach have violated her rights under the FDCPA, TCPA, and MOC. The analysis of the second and third factors is rather straight-forward since Plaintiff's factual allegations are considered true due to Eastern Recovery & Remediation Group and Peach's defaults. *See Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

The fourth factor similarly weighs in favor of entering judgment by default. The amount that Plaintiff seeks is relatively low. *See, e.g., State Farm Bank, F.S.B. v. Sloan*, No. 11-CV-10385, 2011 WL 2144227, at *3 (E.D. Mich. May 31, 2011). Further, this Court has awarded a comparable amount of damages and awards for similar claims. *See, e.g.*, *Green v. Nationwide Arbitration Servs., LLC*, No. 14-

14280, 2015 WL 7717165, at *2 (E.D. Mich. Nov. 30, 2015) (awarding plaintiff $105,000 in damages, $12,355 for attorney's fees, and $400 in costs).

The three remaining factors also weigh in favor of entering a default judgment against Eastern Recovery & Remediation Group and Peach. Regarding the fifth factor, Eastern Recovery & Remediation Group and Peach forfeited their right to dispute any of Plaintiff's allegations by not answering the Complaint. As for the sixth factor, Eastern Recovery & Remediation Group and Peach's failure to answer the Complaint was not a result of excusable neglect because they were each served with the Complaint at locations that were reasonably believed to give Eastern Recovery & Remediation Group and Peach actual notice of the present lawsuit and an opportunity to be heard. Finally, regarding the seventh factor, while true that public policy favors the resolution of cases on the merits, Eastern Recovery & Remediation Group and Peach have prevented a merits-based resolution by not appearing. *See State Farm Bank, F.S.B.*, 2011 WL 2144227, at *3 (following a similar analysis).

Each factor weighs in favor of entering a default judgment.

The final issue to be assessed is the measure of damages. Rule 55(b)(2) of the Rules of Civil Procedure empowers a federal court to hold a hearing to determine damages, but such a hearing is not needed in all instances. *See SEC v. Smyth,* 420 F.3d 1225, 1231–32 n. 13 (11th Cir. 2005) (noting that an evidentiary hearing on

damages is not a *"per se* requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone"). Here, the computation of actual damages is not the product of a simple mathematical equation, and the Court will need to hold a hearing to determine the amount of actual damages that should be awarded to Plaintiff.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff Victoria Tomlinson's Motion for Default Judgment (Doc # 78) is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that Plaintiff Victoria Tomlinson's Motion for Default Judgment (Doc # 78) against Defendants Law Office of Daria L. Pratcher, P.C., Daria Pratcher, and Genique Meredith is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff Victoria Tomlinson's Motion for Default Judgment (Doc # 78) against Defendants Eastern Recovery & Remediation Group, LLC and Diane Peach is **GRANTED**. A damages hearing will be held on May 28, 2019, 1:30 p.m.

IT IS FURTHER ORDERED that Defendants Law Office of Daria L. Pratcher, P.C., Daria Pratcher, and Genique Meredith's Motions to Set Aside Default (Doc # 87; Doc # 88; Doc # 89) are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Evidentiary Hearing (Doc # 98) is **DENIED**.

                                                s/Denise Page Hood
                                                Chief Judge, U. S. District Court

DATED: March 27, 2019